PIPER *v.* MAY ET AL.

MARRIED WOMAN.—*Real Estate Held in Virtue of Previous Marriage.— Removal of Disability to Alienate.*—The statutory disability of a married woman to alienate real estate held by her in virtue of a previous marriage is removed by her divorce or the death of her husband.

From the Carroll Circuit Court.

*A. H. Evans*, for appellant.

*L. B. Sims* and *J. H. Stewart*, for appellees.

DOWNEY, J.—Suit for partition of land by the appellant, who was the widow of Philip May, deceased, against the appellees, children of said deceased. The deceased owned

eighty-eight and three-tenths acres of land, which at his death descended to the widow and children. They afterwards purchased thirty acres more of land, she paying one-third of the price, and the children, by their guardian, two-thirds thereof. The widow, in March, 1870, intermarried with Piper. Afterwards, in April, 1872, this action was commenced. It was found and reported by the commissioners appointed that the land could not be divided, and it was ordered to be sold. On the 15th day of January, 1874, the court ordered one-third of the purchase-money to be paid to the appellant on her giving bond in double the amount thereof, conditioned, etc., as to the one-third of the proceeds of the tract containing eighty-eight and three-tenths acres. The money not having been distributed under this order, the appellant, at the June term, 1874, represented to the court that previously, on the 10th day of June, 1874, Piper had obtained a divorce from her in the State of Illinois, and asked the court to set aside the former order requiring her to execute such bond, and order the one-third of all said money paid to her unconditionally. This the court refused to do, and of this ruling of the court the appellant complains.

We are of the opinion that the court should have made the order as requested. If the court committed no error in making the order requiring the appellant to give bond, which we do not decide, (*Small* v. *Roberts, ante,* p. 281), after the termination of her coverture by divorce, the order should have been set aside or modified as asked. The statute creates in the wife a disability to alienate during the second or other coverture, but no longer. The death of, or a divorce from, the second or other husband removes the disability, and places the woman in the same position as if she had not again married.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.