64 183
130 135
64 183
136 392

## Nesbitt *v.* Trindle et al.

DESCENTS.—*Conveyance by Widow of Her Third.—Reconveyance to Her on Remarriage.—Rights of Her Widower.—Children by Previous Marriage.—Partition.* — One-third of the lands of an intestate having been duly partitioned to his widow, and the residue to his children by her, she then, with a view to a second marriage, without consideration and without delivering possession, conveyed her said third to another, by a warranty deed, and, having remarried, such grantee reconveyed the same to her, without consideration. She, having died intestate, left her second husband and such children by her previous marriage surviving her, whereupon he brought an action to partition such third.

*Held,* that he inherited one-third thereof.

SAME.—*Children.* — *Vested Rights.*— *Creditors.*— *Disinheritance.*— Children have no vested rights in lands owned by the parent in fee-simple, neither do they stand to him in the relation of creditors; for the parent may, if he choose, disinherit them.

From the Noble Circuit Court.

*A. A. Chapin* and *L. E. Goodwin*, for appellant.

*I. E. Knisely*, for appellees.

PERKINS, J.—James H. Nesbitt filed his petition in the Noble Circuit Court for partition of the following parcel of land, viz.: "Twenty-three acres of land from off the south end of the west half of the south-east quarter of section five, in township thirty-five, range eleven east."

The plaintiff was the husband of Harriet Nesbitt, late deceased, and the defendants Charles and Mary J. Trindle were infant children of said Harriet by a former husband, George Trindle, deceased. A guardian *ad litem* was appointed for said infant defendants.

A demurrer to the complaint, for want of facts, was overruled, and exception noted.

Answer:

1. General denial;

2. An affirmative paragraph.

Demurrer to the affirmative paragraph, for want of facts; overruled, and exception noted.

Reply in denial and by affirmative paragraphs.

Demurrer to the affirmative paragraphs for want of facts; overruled, and exception noted.

By agreement, the cause was submitted to the court for trial, with request for special finding, etc., which was made, as follows:

"The court finds, that one George Trindle died intestate, on the — day of ——, 1870, seized in fee-simple of the west half of the south-east quarter of section five, in township thirty-five, range eleven east, in Noble county, Indiana, leaving as his only heirs Harriet Trindle, his wife, and the defendants, his only children; that afterward partition of said land was made, between said Harriet and the said defendants, her children, and the twenty-three acres of land

described in the complaint were set off to said Harriet, who had no other title thereto than such as she acquired by her marriage with said George Trindle; that afterward said Harriet engaged to marry the plaintiff, and while said engagement continued, to wit, on the 17th day of April, 1872, said Harriet, without any consideration whatever, and with a view of enabling her, after her contemplated marriage, to sell or otherwise dispose of said land as she chose, conveyed the same to one Jonathan W. Learned, with covenants of general warranty and consideration expressed in the deed of one hundred dollars; that afterward, on the 17th day of April, 1872, said Harriet married said plaintiff, and on the 26th day of April, 1872, said Jonathan W. Learned, in pursuance of the understanding between him and the said Harriet at the time said land was conveyed to him, reconveyed the same to her, by the name of Harriet Nesbitt, without any money consideration whatever from her to him; that, during the time that said Learned held the legal title to said land, said Harriet continued to hold, occupy and control it as before such conveyance; that afterward said plaintiff and said Harriet lived upon and occupied said land as a home, and enjoying the rents and profits thereof, and said plaintiff built an addition to the house thereon, of the value of one hundred and fifty dollars; that afterward, on the 12th day of April, 1874, said Harriet died intestate, leaving the defendants, her only children, and the said plaintiff, her husband, without any transfer of any kind having been made of said land, other than that hereinbefore stated.

"My conclusions of law upon the foregoing facts are, that said Harriet, at her death, held the land, by virtue of her marriage with George Trindle, and at her death the whole of it descended to the defendants, and that the plaintiff takes none of it as surviving husband of said Harriet."

[Signed by the judge.]

The court found for the defendants, and, by the final judgment rendered, quieted the title to the land in them.

The exception taken by the plaintiff reads thus :

" To which judgment of the court, upon special finding, the plaintiff at the time excepted, and filed his bill of exceptions," etc.

The affirmative paragraph of answer to the complaint, to which paragraph a demurrer was overruled, reads thus :

" That, on the —— day of ———, 1870, George Trindle died intestate, the owner in fee-simple of the land in the petition described, leaving surviving him his widow, Harriet Trindle, and these defendants, his only heirs at law; that, on the 17th day of April, 1872, said Harriet Trindle and the petitioner intermarried ; and the same day, before the marriage, said Harriet Trindle conveyed the undivided one-third of said land to one Jonathan Learned ; and, on the 26th day of said month, said Learned reconveyed the same to her, by the name of Harriet Nesbitt; that said conveyance by her to said Learned was made without any consideration paid by him, and without any purpose or intention on the part of either to give him any interest in said land by purchase, gift or otherwise, but only that he might hold the title to said land for her until after her marriage, when he was to reconvey the same to her, which he did within a few days after it took place.

" That she did not surrender the possession of said land to said Learned at any time, nor did he have any control over the same.

" The said Harriet Nesbitt died during the coverture of her and petitioner, intestate, leaving surviving her the petitioner, her husband, and these defendants, the children of said former marriage."

The prayer in the answer is for judgment, and to have defendants' title quieted.

The assignment of errors is as follows :

1. The court erred in overruling plaintiff's demurrer to the second paragraph of the answer;

2. The court erred in its conclusions of law upon the facts specially found, in writing, at request of plaintiff; and,

3. The court erred in rendering judgment for defendants upon the facts so found.

What we shall say, in deciding this case, will be applicable to all these assignments of error, and will decide the questions of law as to all of them.

There are some established legal principles or rules of law. Among them are the following:

1. The children of a parent or parents, who, on the death of such parent or parents, may become his or her or their heirs, have no vested interest in the property of such parents, simply as such children, in the lifetime of such parent or parents.

2. Said children do not stand in the relation of creditors of their parents, who have credited such parents on the faith of their property.

3. The parents, or either of them, are under no legal obligation to bestow their property upon their children, and may bestow such property on others, and disinherit their children, if they please.

4. It is settled by judicial decision in this State, that a widow, while she is not the wife of a subsequent husband, may, at her pleasure, dispose of her separate property, even if such property came to her by virtue of a prior marriage. *Small* v. *Roberts*, 51 Ind. 281; *Piper* v. *May*, 51 Ind. 283; and *Swain* v. *Hardin*, *ante*, p. 85.

Proceeding now to the facts of the case:—

On the death of George Trindle, his real estate, under the law of this State, descended, one-third to his wife, and two-thirds to his children living, who were, with his wife, his heirs. On partition being made between his wife and children, the third set apart to his widow, late wife, became

her property in fee-simple.   Such property was that parcel of twenty-three acres described in the complaint in this suit.   It was the absolute property, in fee, of Harriet Trindle.   While she was unmarried, she conveyed said land, by deed in fee, to Jonathan W. Learned, who afterward reconveyed said land, by deed in fee, to Harriet Nesbitt, late Harriet Trindle.

The conveyance by said Harriet to said Learned was intended to and did convey to him the title in fee.   The subsequent conveyance by him to Harriet Nesbitt was intended to, and did, convey to said Harriet the fee-simple in said land.   At her death she owned said land in fee-simple, under the conveyance to her of the same by Jonathan W. Learned; and, under the law of this State, on her decease, leaving a husband and children, her heirs, one-third of said land descended to her said husband, and two-thirds to her said children; and, as a consequence, the suit of the husband for partition should have been sustained.

While said Harriet remained a widow, she had the right to dispose of said property, either for or without a consideration; her motives in the conveyance were not material; and she could not be chargeable with fraud upon her children, by conveying it, without consideration, because they had no legal interest in, or, at that time, right to, it.   She did so dispose of it, and subsequently acquired it by a new title.   After that she did not hold the land by virtue of her previous marriage, and the restriction upon her right to alienate, contained in section 18 of the statute of descents, ceased to be operative upon it; and the only right of her children to inherit it was contingent upon her owning it at her death.   Restrictions upon the right of the owner to alienate his land are not to be favored.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.